**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4444**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOE FRANCIS RHEM, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:16-cr-00050-D-1)

Submitted:  April 18, 2019                                            Decided:  May 8, 2019

Before WYNN and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James B. Craven III, Durham, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joe Francis Rhem, Jr., pleaded guilty to conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Rhem to 159 months of imprisonment and he now appeals. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the sentence is procedurally and substantively unreasonable, whether trial counsel rendered ineffective assistance, and whether the Government committed prosecutorial misconduct. Rhem filed a pro se supplemental brief raising additional issues.[*] Finding no error, we affirm.

Counsel first questions whether the district court correctly calculated the drug weight based on its credibility determinations and whether the sentence is substantively reasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. White*, 810 F.3d 212, 229 (4th Cir. 2016). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. We then review the substantive reasonableness of the sentence. *United States v. Evans*, 526 F.3d

---

[*] We have reviewed the issues raised in the pro se supplemental brief and conclude that they lack merit.

155, 161 (4th Cir. 2008). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *White*, 810 F.3d at 230 (internal quotation marks omitted).

In addition, we "review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013). Under this standard, "we will reverse the district court's finding only if we are left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted). We have thoroughly reviewed the record and the relevant legal authorities and conclude that the sentence is both procedurally and substantively reasonable. The district court did not clearly err in calculating the drug weight, otherwise properly calculated the advisory Guidelines range, addressed the parties' sentencing arguments, and sufficiently explained the chosen sentence. Moreover, Rhem has failed to overcome the presumption of reasonableness that we apply to his below-Guidelines sentence.

Counsel next questions whether trial counsel rendered ineffective assistance in failing to secure a lower sentence for Rhem. To prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, we may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Here, as ineffective

3

assistance does not conclusively appear on the record, we decline to address this claim at this time.

Finally, counsel questions whether the Government committed prosecutorial misconduct. "When asserting a prosecutorial misconduct claim, a defendant bears the burden of showing (1) that the prosecutors engaged in improper conduct, and (2) that such conduct prejudiced the defendant's substantial rights so as to deny the defendant a fair trial." *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005). Here, Rhem has failed to demonstrate that the Government engaged in any improper conduct.

We have examined the entire record in accordance with the requirements of *Anders* and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Rhem, in writing, of the right to petition the Supreme Court of the United States for further review. If Rhem requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rhem. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*